UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

OBAR LEVELL ELLIS,

    Plaintiff,        Case No. 2:19-cv-204

v.               Honorable Janet T. Neff

UNKNOWN LOPONISE et al.,

    Defendants.
_____/

# OPINION

    This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant Goldberg for failure to state a claim.

## Discussion

**I.  Factual Allegations**

    Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County,

Michigan. The events about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Corrections Officer Unknown Loponise and Librarian Unknown Goldberg.

Plaintiff alleges that on July 3, 2018, he turned in a photocopy request to have his civil suit copied for service of a civil rights action. Defendant Goldberg refused to make the copies, stating that she was not going to help Plaintiff in his lawsuit against her co-workers.

On November 12, 2018, Plaintiff was called to the control center to review a video relating to the early mediation process. Plaintiff states that after employees at URF were made aware of Plaintiff's involvement in the early mediation process, his property was destroyed on three consecutive days. On November 16, 2018, Defendant Loponise told Plaintiff that the mediation bullshit had to stop. Defendant Loponise then destroyed Plaintiff's property by throwing his clothes and property on the floor, dumping food on Plaintiff's property and bed. Plaintiff filed a grievance on Defendant Loponise.

Plaintiff claims that Defendants retaliated against him for filing lawsuits against MDOC employees. Plaintiff seeks compensatory and punitive damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Retaliation

As noted above, Plaintiff claims that Defendants retaliated against him for filing lawsuits against MDOC employees. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the

adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff alleges that he was engaged in protected conduct when he filed a lawsuit against MDOC employees. Plaintiff alleges facts which show that his protected conduct was the motivating factor for Defendant Goldberg's denial of copies in that Defendant Goldberg told him that she was not going to give him copies of his complaint for service because he had sued her co-workers. However, the mere fact that Defendant Goldberg denied his request for copies is not the sort of action that would deter an ordinary person from exercising his rights. *Kolanowski v. Lancaster et al.*, No. 1:08-cv-1010, *5 (W.D. Mich. Dec. 1, 2008). Plaintiff's inability to obtain copies from Defendant Goldberg would not have prevented him from pursuing legal action in this Court.[1] Therefore, Plaintiff's retaliation claim against Defendant Goldberg is properly dismissed.

The Court concludes that Plaintiff's allegations against Defendant Loponise are sufficient to state a retaliation claim. Therefore, the Court may not dismiss this claim on initial review.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint against Defendant Goldberg will be dismissed for failure to

---

[1] Should the prison librarian refuse to provide a plaintiff with necessary copies for service, the plaintiff need only file an affidavit explaining why he is unable to provide the requested copies within the fourteen-day period. Should the Court find that the prison failed to make copies upon the plaintiff's request, the Court will direct the Clerk to make such copies as may be necessary and to charge the Michigan Department of Corrections for the cost of copying at the Court's usual rate of $.50 per page.

4

state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's retaliation claim against Defendant Loponise remains in the case.

An order consistent with this opinion will be entered.

Dated: January 9, 2020 /s/ Janet T. Neff
Janet T. Neff
United States District Judge